Lester Lee HOPPER and Imogene I.
HOPPER, his Wife *v.* Kathern HUNTER,
a Minor, Eldon HUNTER and Verna HUNTER,
his Wife, Parents of Kathern HUNTER, a Minor

74-23                                                 509 S.W. 2d 548

Opinion delivered May 28, 1974

*Alonzo D. Camp,* for appellants.

*Lewis & Mitchell,* for appellees.

J. FRED JONES, Justice. This is an appeal by Lester Lee Hopper and his wife Imogene from an adverse judgment of the circuit court sitting as a jury in a personal injury and property damage suit filed by the Hoppers against the appellee Kathern Hunter, a minor, and her parents Eldon Hunter and Verna Hunter. On appeal to this court Mr. and Mrs. Hopper contend that the trial court erred in rendering judgment for the defendants as there was no substantial evidence to support such judgment.

The facts about which there is no controversy appear as follows: On September 1, 1971, Mr. and Mrs. Hopper and their children were traveling south on state Highway 227 in Garland County in their Ford camper-type van with Mr. Hopper driving. Miss Kathern Hunter was traveling in the same direction in her mother's 1965 Dodge automobile and as she started to pass Mr. Hopper on the highway, the right front fender of the Hunter automobile came in contact with the left rear corner of Mr. Hopper's van. Mr. Hopper lost control of his vehicle, it turned over, and he and Mrs. Hopper were injured.

The Hoppers alleged in their complaint that their personal injuries and property damage were caused by the negligence of Kathern Hunter. Mrs. Verna Hunter filed a counterclaim for property damage and alleged that her damage was caused by the negligence of Mr. Hopper. A jury was waived by agreement of the parties and the case was tried before the trial judge sitting as a jury. The trial court found that the negligence of Mr. Hopper was the proximate cause of his and Mrs. Hopper's injuries, and that the negligence of Miss Hunter was only slight in comparison to the negligence of Mr. Hopper. The trial court entered judgment in favor of the Hunters on the complaint and in favor of the Hoppers on the counterclaim. The evidence was in considerable conflict but the only question presented on this appeal is whether there was any substantial evidence to sustain the findings and

judgment of the trial court in favor of the Hunters on the complaint. Mrs. Hunter did not appeal.

We deem it unnecessary to set out the testimony of the witnesses in detail so we only give the substance of their testimony here. Mr. Hopper testified that he was driving down the two-lane highway in a careful and lawful manner and that Miss Hunter simply ran into the back of his vehicle.

Mrs. Hopper testified that they were driving down Highway 227 and had slowed down for a bad place or rough spot in the road. She said her husband had turned his directional lights on and had gone around the bad place in the highway when Miss Hunter ran into the rear of their vehicle.

Denise Hopper, age 16, testified that she was riding in the back of her father's camper and that she knew where Miss Hunter lived. She said she saw Miss Hunter leave the driveway of her home and drive out into the highway following their camper van. She said Miss Hunter drove from one side of the highway to the other as she followed their vehicle approximately three miles to the point where the collision occurred. She said her father had turned on the directional light in preparation to go around a hole in the righthand side of the highway when Miss Hunter drove her automobile into the rear of the van. Evelyn Hopper, age 12, testified substantially as did her sister Denise.

Miss Kathern Hunter testified that the Hopper van passed her home as she was preparing to leave in her mother's automobile about 3:45 p.m. to pick up her brothers at the Lake Hamilton School. She said she followed the Hopper vehicle for about three miles during which time its left directional light was on and continued to blink during the entire distance. She said she finally started around the camper van on a straight section of the highway and as she drove to the lefthand side of the highway for that purpose, the van also pulled to the left side of the highway and continued to crowd her automobile on the lefthand side of the highway until the rear left corner of the camper van struck her right front fender, after which the driver of the van lost control and it overturned in the highway.

A police investigation report was placed in evidence. It indicated that as the Hunter vehicle was on its lefthand side

of the highway in the process of passing the Hopper vehicle, the Hopper vehicle also moved to the lefthand side of the highway in order to avoid a large defect in the pavement on the righthand side of the highway; and, as a result, the left rear corner of the Hopper vehicle collided with the right front fender of the Hunter vehicle and the Hopper vehicle overturned two or three times.

The evidence in this case simply comes down to a question of whose testimony the trial court, sitting as a jury, was inclined to believe. The trial court in this case who saw the witnesses as they testified from the witness stand, apparently believed Miss Hunter's version of how the collision occurred and, when we view her testimony along with the police report, we conclude there was substantial evidence to support the trial court's finding, and that the judgment must be affirmed.

Affirmed.